ESCALONA, DEMANDANTE Y APELANTE, *v.* COSTA ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en
pleito sobre *injunction* pendente lite.

No. 2246.—Resuelto en junio 30, 1920.

INJUNCTION "PENDENTE LITE"—DAÑO IRREPARABLE—DISCRECIÓN JUDICIAL.—Si
bien el mero hecho de que esté en disputa el título de propiedad, cuando se
trata de evitar un daño irreparable como pudiera considerarse en ciertos
casos el ocasionado por la destrucción de una casa, no es suficiente por sí
solo para negar un *injunction*, sin embargo, cuando no se trata como en este
caso de una simple disputa sino que la prueba que se practica proporciona al
juez una base suficiente para formar su criterio, y no se demuestra que al
formarlo abusara de su poder discrecional, la corte de apelación no revocará
la acción tomada por la corte de distrito.

ID.—ID.—DESTRUCCIÓN DE UNA CASA.—Habiéndose demostrado que la casa de
que se trata en este caso es una casita de maderas, corriente, que se alquilaba
para tienda, sin valor de afección alguno, sin algo peculiar o notable, y
habiéndose demostrado además la solvencia de la parte demandada, no cons-
tituye daño irreparable la destrucción de la misma.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Brunet.*

Abogado de los apelados: *Sr. M. A. Rivera.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

Mercedes Escalona Decastro estableció una demanda so
bre reivindicación y daños y perjuicios. Se trata de una
pequeña casa situada fuera de la zona urbana, frente al ca-
mino de Coamo a Barros, cuyo valor se fija en $300. Los
perjuicios reclamados, que son las rentas debidas producir
por espacio de diez años, se calculan en $720. Archivada la
demanda, la demandante solicitó una orden de *injunction*
*pendente lite* basándose en que la parte demandada estaba
destruyendo la casa en cuestión. La corte ordenó que se ex-
pidiera el auto preliminar, quedando en entredicho las par
tes, y se fijó un día para oirlas y resolver entonces en defi-
nitiva. En el día señalado la parte demandante presentó
prueba documental y testifical, consistiendo la primera en

una certificación creditiva de que tenía inscrito a su favor en el registro de la propiedad el dominio de una casa cuya descripción es la misma que la dada en la demanda a la que se reclama en el pleito. La parte demandada presentó también prueba documental y testifical tendente claramente a demostrar que la casa de que está en posesión le pertenece en propiedad y que la casa a que se refiere la certificación del registro presentada por la parte demandante es otra que estuvo edificada muy cerca y que fué destruída por el ciclón de San Ciriaco. También tendió a demostrar dicha prueba que los demandados eran solventes.

El juez de distrito después de "estudiar detenidamente la evidencia presentada por ambas partes," declaró sin lugar la solicitud, quedando levantado el entredicho. No conforme la demandante apeló para ante este tribunal.

Insiste la apelante en que tiene un derecho absoluto al *injunction* porque si la casa se destruye, se destruye también su acción y se verá obligada a establecer un pleito de naturaleza distinta.

Convenimos en que el mero hecho de que esté en disputa el título de propiedad, cuando se trata de evitar un daño irreparable como pudiera considerarse en ciertos casos el ocasionado por la destrucción de una casa, no es suficiente por sí sólo para negar un injunction. Véase 14 R. C. L. 347, 444 y 451. Pero cuando no se trata como en este caso de una simple disputa sino que la prueba que se practica proporciona al juez una base suficiente para formar su criterio, y no se demuestra que al formarlo abusara de su poder discrecional, la corte de apelación no revocará la acción tomada por la corte de distrito. Además, la destrucción de la casa de que aquí se trata,—una casita de maderas, corriente, que se alquilaba para tienda, sin valor de afección alguno, sin algo peculiar o notable,—no constituye un daño irreparable. habiéndose demostrado la solvencia de la parte demandada. Seguramente que si se obligara en su caso a dicha parte a

reedificar la casa o 'a pagar el dinero necesario para la ree·
dificación, la demandante no sufriría perjuicio alguno.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución
de este caso.